Symonov v Quanhao Lin (2023 NY Slip Op 04680)

Symonov v Quanhao Lin

2023 NY Slip Op 04680

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-03683
 (Index No. 522295/18)

[*1]Ilya Symonov, etc., plaintiff, 
v
Quanhao Lin, et al., defendants; Law Offices of William Pager, nonparty-appellant; Held, Held & Held, etc., nonparty-respondent.

Law Offices of William Pager, Brooklyn, NY, nonparty-appellant pro se.
The Altman Law Firm, PLLC, Woodmere, NY (Michael T. Altman of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Law Offices of William Pager appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 26, 2021. The order, insofar as appealed from, denied the motion of nonparty Law Offices of William Pager, in effect, pursuant to Judiciary Law § 475 to establish a charging lien upon the proceeds of this action and for the reimbursement of the sum of $1,004, which that nonparty expended on the prosecution of this action.
ORDERED that the appeal from so much of the order as denied that branch of the motion of nonparty Law Offices of William Pager, in effect, pursuant to Judiciary Law § 475 to establish a charging lien upon the proceeds of this action is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to nonparty Held, Held & Held.
Nonparty Law Offices of William Pager (hereinafter the appellant) was retained by Nataliya Symonova in connection with injuries that her adult son, Ilya Symonov, allegedly sustained in a motor vehicle accident. At the time Symonova retained the appellant, Symonov was in the hospital due to his injuries. Symonova had not been appointed Symonov's guardian ad litem and did not have a power of attorney to act on his behalf. The appellant commenced this action to recover damages for Symonov's injuries (hereinafter the first action).
After he was discharged from the hospital, Symonov retained nonparty Held, Held & Held (hereinafter the respondent), which commenced a second action to recover damages for Symonov's injuries (hereinafter the second action). The appellant moved, in effect, pursuant to Judiciary Law § 475 to establish a charging lien upon the proceeds of the first action and for the reimbursement of the sum of $1,004, which the appellant expended on the prosecution of the first action. By order dated April 26, 2021, the Supreme Court, inter alia, denied the appellant's motion.
The appeal from so much of the order as denied that branch of the appellant's motion which was, in effect, to establish a charging lien has been rendered academic. We take judicial notice of an order of the Supreme Court dated November 1, 2021, inter alia, granting the cross-[*2]motion of Symonov to dismiss the first action, which was addressed by the parties in their briefs on appeal (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126-127; see also Wells Fargo Bank, National Assoc. v Ballard, 172 AD3d 1440, 1442). In light of this order, there is no longer a live controversy with respect to that branch of the appellant's motion which was, in effect, pursuant to Judiciary Law § 475 to establish a charging lien, and no enduring consequences potentially flow from the denial of that branch of the motion (see Matter of Cassini, 182 AD3d 1, 9). Moreover, the appellant has no lien upon the proceeds of the second action, which the respondent commenced on behalf of Symonov, as Symonov is not the appellant's client.
The appeal from so much of the order as denied that branch of the appellant's motion which was for reimbursement for expenses the appellant incurred in prosecuting the first action has not been rendered academic. However, the appellant is not entitled to such reimbursement. The retainer agreement signed by Symonova provides that the appellant agreed to pay and remained liable for all costs and expenses, regardless of the outcome of the first action, including in the event the action was dismissed or otherwise rejected by any court of competent jurisdiction. Thus, there is no basis for the appellant to seek reimbursement for its expenses from another party.
The appellant's remaining contention is not properly before this Court.
Accordingly, we affirm the order dated April 26, 2021, insofar as reviewed.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court